# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Aaron Michael Rogers, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| Sylvia Foraker, | § | SA-11-CV-095 OLG (NN) |
| Administrator, Kerr County Jail & | § | |
| Dr. John C. Key, Kerr County Jail Doctor, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING APPOINTMENT OF COUNSEL

The order addresses plaintiff Aaron Michael Rogers's motion for appointment of counsel. Rogers sued Kerr County Jail Administrator Sylvia Foraker and Kerr County Jail Doctor John C. Key, alleging inadequate medical treatment during Rogers's incarceration at the Kerr County Jail. Rogers's did not articulate a legal theory for his claim, but his allegations implicate a claim under Section 1983[1] for deliberate indifference of serious medical needs. In his motion, Rogers stated that he is unable to afford counsel.

> Generally speaking, no right to counsel exists in Section 1983 cases. "The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances." A district court has the discretion to appoint counsel if doing so would advance the proper administration of justice.[2]

---

[1] 42 U.S.C. § 1983.

[2] *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982).

I find no exceptional circumstances in this case. The law about claims of deliberate indifference of serious medical needs is well-settled. To prevail, a pretrial detainee must prove the defendant official acted or failed to act with deliberate indifference to the detainee's needs—an episodic act or omission by a state jail official is insufficient.[3]

Rogers alleged that he was denied psychotropic medication after he attempted suicide at the Kerr County Jail. In response, Foraker reported that jail records reflect no suicide attempt. Moreover, Rogers's alleged that he was treated by Dr. Key and Dr. Key determined that he did not need medication. Rogers stated that he has a mental illness, but his pleadings are clear and concise, and reflect the ability to communicate. These circumstances do not indicate exceptional circumstances.

I DENY the motion for appointment of counsel (docket entry # 14). I also remind Rogers about the need to respond to Foraker's motion to dismiss.

It is SO ORDERED.

**SIGNED** on May 5, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Hare v. City of Corinth*, 74 F.3d 633, 647-48 (5th Cir. 1996) ("[T]he episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs.").