# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Aaron Michael Rogers, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| Sylvia Foraker, | § | SA-11-CV-095 OLG (NN) |
| Administrator, Kerr County Jail, & | § | |
| Dr. John C. Key, Kerr County Jail Doctor, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

TO:    Honorable Orlando Garcia
        United States District Judge

This report and recommendation recommends dismissing this case under 28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted. This case is an inmate civil rights case. The plaintiff inmate has proceeded in forma pauperis (IFP).[1] The case was assigned to me for pretrial proceedings. There is a motion to dismiss pending in this case,[2] but the district court need not reach the motion if it accepts the reasoning underlying my recommendation.

**Dismissal under 28 U.S.C. § 1915**. Under 28 U.S.C. § 1915, the court must screen

---

[1] *See* docket entry #3 (order granting leave to proceed IFP).

[2] Docket entry # 11.

an inmate's IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[3] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[4] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[5] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[6] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Nature of the case**. Plaintiff Aaron Michael Rogers complained about inadequate medical treatment during his incarceration at the Kerr County Jail (the Jail).[7] Rogers alleged he was denied psychotropic medication. Rogers sued jail administrator, Sylvia Foraker, and jail doctor, Dr. John C. Key.

---

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[6] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[7] Docket entry # 2.

Rogers did not identify the legal basis for his claim, but his claim suggests a civil rights lawsuit under 42 U.S.C. § 1983 because Rogers complained about the denial of adequate medical care. Because section 1983 does not create a substantive right in itself, but rather provides a vehicle to vindicate substantive rights,[8] the court must first identify the substantive right implicated by Rogers's allegations.

**The applicable substantive right**. The substantive right applicable to incarcerated persons depends on whether the incarcerated person is a pretrial detainee or a convicted prisoner. Publicly-available information reflects that Rogers was a pretrial detainee at the time of his allegations. Rogers was booked into the Jail on November 21, 2010, after being arrested for family-violence assault. Rogers was released from the Jail on March 10, 2011. The assault charge underlying Rogers's detention was later dismissed. Because Rogers was not convicted for the family-violence assault charge, Rogers was a pretrial detainee at the time of his allegations. As a pretrial detainee, Rogers was protected by the Fourteenth Amendment's guarantee of due process, which requires a local governmental entity "to provide…pretrial detainees…with basic human needs, including medical care…during their

---

[8]*See Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979) (explaining that section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

confinement…."[9]

**Whether Rogers stated a claim**. A pretrial detainee is guaranteed medical care during his confinement, but an episodic act or omission by a state jail official does not violate a detainee's constitutional right to be secure in his basic human needs unless the detainee demonstrates the official acted or failed to act with deliberate indifference to the detainee's needs.[10] Rogers's allegations against Foraker and Dr. Key are premised on an episodic act and/or omission. As such, Rogers must show Foraker and Dr. Key acted with subjective deliberate indifference to prevail.[11] "Subjective deliberate indifference means 'the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.'"[12] I instructed Rogers to address why his allegations constitute deliberate indifference in responding to the pending motion to dismiss,[13] but Rogers did not respond.

Dr. Key. As an episodic act, Rogers alleged that he was seen by Dr. Key on January 6, 2011, but complained that Dr. Key stated that he did not need medication. As an episodic omission, Rogers complained that Dr. Key did not prescribe medication.

---

[9]*Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).

[10]*See Hare*, 74 F.3d at 647-48.

[11]*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999).

[12]*Olabisiomotosho*, 185 F.3d at 526 (citation omitted).

[13]Docket entry # 13.

4

Because Rogers complained about an episodic act or omission, Rogers must show that Dr. Key acted or failed to act with deliberate indifference to a substantial risk of serious harm.

Rogers did not allege that Dr. Key acted or failed to act with deliberate indifference to a substantial risk of serious harm. Instead, he alleged he attempted suicide prior to seeing Dr. Key, but complained that Dr. Key stated that he was not diagnosed with a mental illness and characterized Rogers as engaging in "drug seeking behavior." Rogers stated that he wanted to be transferred to the state mental hospital and characterized this lawsuit as his last hope. Rogers did not allege that Dr. Key knew he faced a substantial risk of serious harm and responded with deliberate indifference to that harm. Instead, the allegations indicate Dr. Key believed Rogers did not face a substantial risk of harm, but acted out in order to be released from jail and transferred to the state mental hospital. At most, Rogers's allegations indicate Dr. Key was incorrect about whether he had been diagnosed with a mental illness. Rogers's allegations do not rise to the level of deliberate indifference, and thus his allegations against Dr. Key fail to state a claim upon which relief may be granted.

<u>Foraker</u>. Rogers's allegations against Foraker are also premised on an episodic act and/or omission. As episodic acts, Rogers complained about being placed in separation and denied privileges for jail infraction. As episodic omissions, Rogers

5

complained about not being released for a mental health appointment on December 17, 2010, and not being transferred to the state mental hospital. Rogers alleged that he wrote to Foraker and asked to be transferred to the state mental hospital, but nothing came of his request.

Rogers did not allege that Foraker acted or failed to act with deliberate indifference to a substantial risk of serious harm. Instead, he stated that he wanted to be transferred to the state mental hospital and characterized this lawsuit as his last hope. He did not complain that Foraker placed him in separation, knowing he suffered from a mental illness and required medical treatment so as to constitute deliberate indifference. He alleged that he was placed in separation and denied privileges because of a jail infraction. Rogers's allegations against Foraker fail to state a claim upon which relief may be granted.

**Recommendation**. Rogers's allegations fail to state a claim upon which relief may be granted. For that reason, I recommend dismissing this case. If the district court accepts this recommendation, the court can deny the pending motion to dismiss as moot. To the extent Rogers may complain about lack of notice that the court will consider the dismissal of claims against Foraker and Dr. Keys, Rogers should consider this report and recommendation as notice and respond in accordance with the following instructions.

If the district court dismisses this case, I also recommend warning Rogers that once he accumulates three strikes under the Prison Reform and Litigation Act,[14] he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Because Rogers previously filed a frivolous lawsuit in Cause No. SA-06-CV-485-OG,[15] dismissing this lawsuit will constitute Rogers's second strike.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[16] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings,

---

[14]*See* 28 U.S.C. § 1915(g).

[15]*See* Cause No. SA-06-CV-485-OG, docket entry # 4 (explaining that Rogers's complaint about his criminal defense attorney was frivolous because his attorney was not a state actor under section 1983 and recommending dismissal of the case).

[16]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

7

conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[17] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[18]

**SIGNED** on May 17, 2011.

<u>*Nancy Stein Nowak*</u>
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[17]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[18]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).